HENRY YOUNG'S ADMR. *v.* LOUISVILLE, CINCINNATI & LEXINGTON, R. Co.

[Abstract Kentucky Law Reporter, Vol. 7—165.]

**Record on Appeal.**

This court can not consider depositions copied into the record by the clerk when such depositions are not embraced in the bill of evidence. To entitle an appellant to be heard he must cause to be brought to this court a proper record showing what took place in the trial court so the court can ascertain whether errors were committed.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 9, 1884.

OPINION BY JUDGE PRYOR:

This court can not look to the testimony of McAfee, Todd and others in this record because they form no part of the bill of evidence, nor are they identified by the record. The depositions are copied first by the clerk and then follows the bill of evidence in which these depositions are not embraced, nor were they made part of the record. The informal and defective manner in which the bill comes here must prevent its consideration. Besides the instructions or some of them are not made part of the bill and the entire record is in such a condition as renders it impossible for this court to determine the nature of the proceedings below.

In the case of *Meaux u. Meaux,* 81 Kentucky, 475, 5 Ky. L. 548, this court laid down the manner in which bills of exception should be made out, and n the case of *McAllister v. Connecticut Mutual Life Insurance Company,* 78 Kentucky, 531, it is clearly settled that such a bill of evidence as this can not be considered. As this court has neither the evidence nor instructions before it the judgment must be affirmed.

*I. H. Trabue, for appellant.*

*Wm. Lindsay, for appellee.*

[Cited in, *New York Life Ins. Co. v. Brown,* 23 Ky. L. 2072, 66 S. W. 613; *L. & N. R. Co. v. Whitehead,* 24 Ky. L. 2317, 73 S. W. 1128.]